SEALED

ORIGINAL

CLERK U.S. DISTRICT COURT
NORTHERN DIST. OF TX
FILED

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
### DALLAS DIVISION

JAN -7 PM 3:51

DEPUTY CLERK _____

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | No. |
| | § | |
| FRANCES SANDOVAL (1) | § | |
| MONICA MORENO (2) | § | **3-14CR-0020N** |
| MARSHA GARCIA (3) | § | |
| BARTOLO CONTRERAS (4) | § | |
| LIDIA SALDANA (5) | § | **TO BE FILED UNDER SEAL** |
| CASSANDRA GONZALEZ (6) | § | |
| ADOLFO MORENO (7) | § | |
| EDWARD MORENO, JR. (8) | § | |
| CLAUDIA GONZALEZ (9) | § | |
| aka "Claudia Pulido-Moreno" | § | |

## INDICTMENT

The Grand Jury Charges:

### A. Introduction

At all times material to this Indictment:

1. The United States Citizenship and Immigration Services (USCIS) is an agency of the United States, located within the Department of Homeland Security, a department within the executive branch of the United States. USCIS is responsible for processing and reviewing applications for aliens, that is, non-citizens of the United States, to adjust their immigration status.

2. A Form I-817 is an Application for Family Unity and is processed by USCIS. The Family Unity Program provides for an automatic stay of deportation as well as employment authorization for spouses and unmarried children of certain persons granted

amnesty or other legal status under agricultural worker programs. The purpose of the program is to provide temporary legal status for family members of certain legalized aliens. To be eligible for this program, an alien must establish that he or she continuously resided in the United States from on or before May 5, 1988, and that the applicant's spouse or parent was a legalized alien who obtained that status on or before May 5, 1988.

3.    A Form I-130 is a Petition for an Alien Relative and is also processed by USCIS. A Form I-130 is filed by a United States citizen or lawful permanent resident on behalf of a relative who is an alien. An approved petition for the immediate relative of a United States citizen, such as the spouse or child, allows the immediate relative to file a Form I-485 (Application to Register Permanent Resident or Adjust Status) and request that the United States Government adjust the alien's status to that of a lawful permanent resident.

Count One
Conspiracy to Defraud the United States
[Violation of 18 U.S.C. § 371]

4.    The Grand Jury realleges and incorporates by reference Paragraphs 1 through 3 of the Introduction as though set forth in full herein.

5.    Beginning on or about November 2010 and continuing until the date of this Indictment, in the Dallas Division of the Northern District of Texas, the defendants, **Frances Sandoval**, **Monica Moreno**, and **Marsha Garcia,** and others known and unknown to the Grand Jury, did intentionally and willfully combine, conspire, confederate, and agree together and with each other:

(a)    to defraud the United States by impairing, impeding, obstructing and defeating the lawful functions of the United States Department of Homeland Security,

specifically, USCIS, in the fair and objective evaluation of immigration applications by deceit, craft, and trickery; and to commit the following offenses against the United States, that is:

(b)      to knowingly subscribe as true under penalty of perjury under 28 U.S.C. § 1746 false statements with respect to material facts in applications, affidavits, and other documents required by the immigration laws and regulations prescribed thereunder, including but not limited to: Applications for Family Unity Benefits (Forms I-817) and Petitions for Alien Relatives (Forms I-130), knowing that such applications, affidavits, and supporting documents contained false statements, in violation of 18 U.S.C. § 1546(a); and

(c)      to knowingly present to USCIS applications, affidavits, and other documents required by the immigration laws and regulations prescribed thereunder, including but not limited to: Applications for Family Unity Benefits (Forms I-817) and Petitions for Alien Relatives (Forms I-130), each with related supporting documents, knowing that such applications, affidavits, and supporting documents contained false statements with respect to material facts, and which failed to contain any reasonable basis in law or fact, in violation of 18 U.S.C. § 1546(a).

### Manner and Means of the Conspiracy

It was part of the conspiracy that:

6.      **Frances Sandoval**, **Monica Moreno**, and **Marsha Garcia,** and others known and unknown to the Grand Jury, assisted in the preparation and submission of immigration applications for undocumented aliens, to include Applications for Family Unity and

Petitions for Alien Relatives, which contained materially false statements. The immigration applications represented that the undocumented aliens were children of naturalized U.S. citizens and lawful permanent residents, when they were not.

7.    One or more of the coconspirators would meet with undocumented aliens and offer to prepare fraudulent immigration applications for the undocumented aliens for a fee.

8.    One or more of the coconspirators would prepare Applications for Family Unity (Forms I-817) and Petitions for Alien Relatives (Forms I-130), falsely stating that the undocumented aliens were children of naturalized U.S. citizens or lawful permanent residents.

9.    One or more of the coconspirators would create counterfeit Mexican birth certificates, falsely stating that undocumented aliens were the children of naturalized U.S. citizens and lawful permanent residents.

10.    One or more of the coconspirators would create fraudulent income tax returns in the name of naturalized U.S. citizens and lawful permanent residents, falsely stating that said citizens and residents had claimed the undocumented aliens on their tax returns as their dependents.

11.    One or more of the coconspirators would create fraudulent affidavits, falsely claiming that the undocumented aliens had resided in the United States since on or before May 5, 1988.

12.    One or more of the coconspirators would transfer to undocumented aliens copies of identification documents in the name of naturalized U.S. citizens and lawful permanent

residents, to include naturalization certificates, lawful permanent resident cards, and social security cards.

13.     One or more of the coconspirators would provide to undocumented aliens completed Applications for Family Unity (Forms I-817) and Petitions for Alien Relatives (Forms I-130), in envelopes pre-addressed to USCIS, and would instruct the undocumented aliens to place the envelopes in the mail.

### Overt Acts

14.     In furtherance of the conspiracy, and to effect the objects thereof, the defendants and coconspirators committed and caused to be committed the following overt acts, among others, in the Northern District of Texas, and elsewhere:

(a)     On or about December 14, 2010, at or near Dallas, Texas, **Frances Sandoval** met with S.T., a cooperating individual working with government agents, and A.M., an undercover government actor posing as an illegal alien.  **Frances Sandoval** offered to prepare a fraudulent immigration application for Family Unity benefits for A.M. in exchange for $3,500.

(b)     Between on or about December 13, 2010, and on or about January 21, 2011, at or near Dallas, Texas, **Frances Sandoval** received $3,850 from S.T. and A.M. for the preparation of A.M.'s fraudulent immigration application and supporting documents.

(c)     On or about March 14, 2011, at or near Dallas, Texas, **Frances Sandoval** provided S.T. with two fraudulent immigration applications for A.M., which falsely

represented that A.M. was the child of naturalized citizen, A. Alvarez. The first fraudulent immigration application was the application for Family Unity Benefits and consisted of a fraudulent Form I-817, a counterfeit Mexican birth certificate, fraudulent tax returns, and a copy of a genuine naturalization certificate belonging to A. Alvarez, all of which were in a pre-addressed envelope to USCIS in Lewisville, Texas.   The second fraudulent immigration application was the Petition for an Alien Relative, and consisted of a fraudulent Form I-130, a counterfeit Mexican birth certificate, and a copy of a genuine naturalization certificate belonging to A. Alvarez, all of which were in a pre-addressed envelope to USCIS in Chicago, Illinois.

(d)     On or about June 22, 2011, at or near Dallas, Texas, **Frances Sandoval** met with E.S., an undercover government actor posing as an illegal alien. **Frances Sandoval** offered to prepare a fraudulent immigration application for Family Unity benefits for E.S. in exchange for $3,500.

(e)     Between on or about June 22, 2011 and on or about January 18, 2012, at or near Dallas, Texas, **Frances Sandoval** received $3,650 from E.S. for the preparation of the fraudulent immigration application and supporting documents.

(f)     On or about August 5, 2011, at or near Red Oak, Texas, **Monica Moreno** met with C.G. and E.N., cooperating individuals working with government agents. **Monica Moreno** offered to prepare a fraudulent immigration application to make C.G. and E.N. appear to be the children of a lawful permanent resident in exchange for $6,000 each.

(g)     On or about August 12, 2011, at or near Red Oak, Texas, **Monica Moreno** met with C.G. and E.N., and advised that the preparation of a counterfeit birth certificate to support the fraudulent immigration applications would cost an additional $750 each.

(h)     On or about August 25, 2011, at or near Red Oak, Texas, **Monica Moreno** met with C.G., and explained that in preparing the fraudulent immigration package, she would falsely state that C.G. was the child of a person with legal status, specifically A. Aguilar.

(i)     Between on or about August 12, 2011 and on or about September 22, 2011, at or near Red Oak, Texas, **Monica Moreno** received $6,250 from C.G. for the preparation of the fraudulent immigration application and supporting documents.

(j)     On or about September 22, 2011, at or near Red Oak, Texas, **Monica Moreno** met with C.G., and provided C.G. with two fraudulent immigration applications, which falsely represented that C.G. was the child of a lawful permanent resident, A. Aguilar.  The first fraudulent immigration application was the application for Family Unity Benefits and consisted of a fraudulent Form I-817 and was in a pre-addressed envelope to USCIS in Dallas, Texas.   The second fraudulent immigration application was the Petition for an Alien Relative, and consisted of a fraudulent Form I-130, and a social security card and lawful permanent resident card belonging to A. Aguilar, all of which were in a pre-addressed envelope to USCIS in Chicago, Illinois.

(k)     On or about December 1, 2011, in Red Oak, Texas, **Marsha Garcia** prepared a counterfeit birth certificate.

(l)    On or about February 2, 2012, at or near Red Oak, Texas, **Monica Moreno** met with C.G. and provided C.G. with a counterfeit Mexican birth certificate.

(m)    Between on or about August 12, 2011 and on or about August 8, 2012, at or near Red Oak, Texas, **Monica Moreno** received $3,900 from E.N. for the preparation of the fraudulent immigration application and supporting documents.

All in violation of 18 U.S.C. § 371.

Count Two
Conspiracy to Commit Marriage Fraud
[Violation of 18 U.S.C. § 371 (8 U.S.C. § 1325(c))]

15.     Between on or before December 2009 until the date of this Indictment, in the

Dallas Division of the Northern District of Texas, and elsewhere, the defendants,

**Frances Sandoval, Bartolo Contreras, Lidia Saldana, Cassandra Gonzalez, Adolfo**

**Moreno, Edward Moreno, Jr.,** and **Claudia Gonzalez, aka "Claudia Pulido-**

**Moreno,"** and others both known and unknown to the Grand Jury, knowingly and

unlawfully combined, conspired, confederated and agreed together and with each other to

unlawfully and knowingly enter into marriages for the purpose of evading a provision of

the immigration laws of the United States, in violation of 8 U.S.C. § 1325(c).

### Manner and Means of the Conspiracy

It was part of the conspiracy that:

16.     **Frances Sandoval, Bartolo Contreras, Cassandra Gonzalez, Lidia Saldana**,

and others known and unknown to the Grand Jury advised undocumented aliens that the

aliens could obtain immigration status by marrying a United States citizen.

17.     **Frances Sandoval, Bartolo Contreras, Cassandra Gonzalez, Lidia Saldana**,

and others known and unknown to the Grand Jury arranged for aliens to marry United

States citizens in exchange for a fee.

18.     **Adolfo Moreno** and **Edward Moreno, Jr.,** and others known and unknown to the

Grand Jury are United States citizens who married aliens in exchange for a fee.

19.    **Claudia Gonzalez, aka "Claudia Pulido-Moreno,"** and others known and unknown to the Grand Jury are aliens who married United States citizens for a fee to obtain legal immigration status.

20.    **Frances Sandoval, Bartolo Contreras, Cassandra Gonzalez, Lidia Saldana, Adolfo Moreno, Edward Moreno, Jr.,** and **Claudia Gonzalez, aka "Claudia Pulido-Moreno"** and others known and unknown to the Grand Jury prepared, filed, and caused to be filed immigration forms with USCIS, including Forms I-130 and Forms I-485, which falsely and fraudulently represented that the aliens and the United States citizen spouses were legitimately married.

## Overt Acts

21.    In furtherance of the conspiracy, and to effect the objects thereof, the defendants and coconspirators committed and caused to be committed the following overt acts, among others, in the Northern District of Texas, and elsewhere:

(a)    On or about December 2009, at or near Dallas Texas, **Claudia Gonzalez, aka "Claudia Pulido-Moreno,"** paid $5,000 to **Frances Sandoval** to facilitate her marriage to a United States citizen for immigration benefits.

(b)    On or about January 12, 2010, at or near Dallas Texas, **Edward Moreno, Jr.** and **Claudia Gonzalez, aka "Claudia Pulido-Moreno,"** were married.

(c)    On or about June 20, 2010, at or near Dallas, Texas, **Edward Moreno, Jr.** filed a Form I-130, Petition for Alien Relative, with USCIS on behalf of **Claudia Gonzalez, aka "Claudia Pulido-Moreno."**

(d)     On or about February 20, 2013, at or near Dallas, Texas, **Edward Moreno, Jr.** and **Claudia Gonzalez, aka "Claudia Pulido-Moreno,"** were interviewed by an officer of the USCIS and provided false information concerning the I-130, Petition for Alien Relative.  The false information related to the nature of their marriage and their residing together as husband and wife.

(e)     On or about March 2011, at or near Dallas, Texas, **Frances Sandoval** offered to facilitate the marriage of M.C., an illegal alien, to a United States citizen for immigration benefits for a fee of $10,000.

(f)     On or about April 2, 2011, at or near Dallas, Texas, **Adolfo Moreno** married M.C.

(g)     On or about April 18, 2011, at or near Dallas, Texas, **Adolfo Moreno** filed a Form I-130, Petition for Alien Relative, with USCIS on behalf of M.C.

(h)     Between on or about March 2011 and January 2013, at or near Dallas, Texas, **Frances Sandoval** and **Cassandra Gonzalez** received approximately $10,000 from M.C.

(i)     On or about January 2013, at or near Dallas, Texas, **Adolfo Moreno** and M.C. met and discussed what to say at their upcoming interview with USCIS.

(j)     On or about January 2013, at or near Dallas, Texas, **Adolfo Moreno** contacted M.C., and demanded an additional $800 or he would not go to the interview at USCIS.

(k)     On or about January 30, 2013, at or near Dallas, Texas, **Adolfo Moreno** and M.C. were interviewed by an officer of the USCIS and provided false information

concerning the I-130, Petition for Alien Relative.  The false information related to the nature of their marriage and their residing together as husband and wife.

(l)     On or about December 14, 2010, at or near Dallas, Texas, **Frances Sandoval** offered to facilitate the fraudulent marriage of A.M., an undercover government actor posing as an illegal alien, to a United States citizen for immigration benefits for a fee of $10,000.

(m)     On or about January 18, 2012, at or near Dallas, Texas, **Frances Sandoval** offered to facilitate the fraudulent marriage of S.T., a cooperating individual working with government agents, to a United States citizen for immigration benefits for a fee of $10,000.

(n)     On or about February 3, 2012, at or near Dallas, Texas, **Bartolo Contreras** met with S.T. and explained the process of marrying a United States citizen in order to obtain immigration benefits, and introduced S.T. to a potential United States citizen spouse.

(o)     On or about August 2, 2012, at or near Dallas, Texas, **Cassandra Gonzalez** and **Lidia Saldana** met with S.T., and explained the process of marrying a United States citizen to obtain immigration benefits, and the forms and money orders that would need to be filed with USCIS.  On that same date, **Cassandra Gonzalez** and **Lidia Saldana** received a payment of $2,500 from S.T. as the initial installment on the fee to facilitate S.T.'s marriage to a United States citizen.

All in violation of 18 U.S.C. § 371 (8 U.S.C. § 1325(c)).

Count Three
Marriage Fraud; Aiding and Abetting
[Violation of 8 U.S.C. § 1325(c) and 18 U.S.C. § 2]

22.     On or about April 2, 2011, in the Dallas Division of the Northern District of

Texas, the defendant, **Adolfo Moreno**, aided and abetted by defendant, **Frances**

**Sandoval,** did knowingly and unlawfully enter into a marriage for the purpose of evading

a provision of the immigration laws of the United States.

In violation of 8 U.S.C. § 1325(c) and 18 U.S.C. § 2.

<u>Count Four</u>
Marriage Fraud; Aiding and Abetting
[Violation of 8 U.S.C. § 1325(c) and 18 U.S.C. § 2]

23.    On or about January 12, 2010, in the Dallas Division of the Northern District of

Texas, the defendants, **Claudia Gonzalez** and **Edward Moreno, Jr.**, aided and abetted

by defendant, **Frances Sandoval**, did knowingly and unlawfully enter into a marriage for

the purpose of evading a provision of the immigration laws of the United States.

In violation of 8 U.S.C. § 1325(c) and 18 U.S.C. § 2.

<u>Count Five</u>
Fraud in Connection with Immigration Documents
[Violation of 18 U.S.C. § 1546(a) and 18 U.S.C. § 2]

24.    On or about March 14, 2011, in the Dallas Division of the Northern District of

Texas, the defendant, **Frances Sandoval**, did knowingly subscribe as true under penalty

of perjury under 28 U.S.C. § 1746 a false statement with respect to a material fact in an

application and  document required by the immigration laws and regulations prescribed

thereunder, to wit, a Petition for Alien Relative (Form I-130), that is that the beneficiary

of the petition, A.T., was the child of the petitioner, A. Alvarez, which statement the

defendant then and there knew was false.

In violation of 18 U.S.C. § 1546(a) and 18 U.S.C. § 2.

## Count Six
Fraud in Connection with Immigration Documents
[Violation of 18 U.S.C. § 1546(a) and 18 U.S.C. § 2]

25.     On or about March 14, 2011, in the Dallas Division of the Northern District of

Texas, the defendant, **Frances Sandoval**, did knowingly present an application and

document required by the immigration laws and regulations prescribed thereunder, to wit,

a Petition for Alien Relative (Form I-130), which failed to contain any reasonable basis in

law or fact, as the beneficiary of the petition, A.T., was not the child of the petitioner, A.

Alvarez.

In violation of 18 U.S.C. § 1546(a) and 18 U.S.C. § 2.

<u>Count Seven</u>
Aggravated Identity Theft
[Violation of 18 U.S.C. § 1028A(a)(1)]

26.     On or about March 14, 2011, in the Dallas Division of the Northern District of

Texas, the defendant, **Frances Sandoval**, knowingly used, without lawful authority, a

means of identification of another person, namely, a naturalization certificate, assigned to

another individual, A. Alvarez, during and in relation to the commission of fraud in

connection with immigration documents, as alleged in Counts Five and Six of this

Indictment.

        In violation of 18 U.S.C. § 1028A(a)(1).

<u>Count Eight</u>
Fraud in Connection with Immigration Documents
[Violation of 18 U.S.C. § 1546(a) and 18 U.S.C. § 2]

27.     On or about September 22, 2011, in the Dallas Division of the Northern District of

Texas, the defendant, **Monica Moreno**, did knowingly subscribe as true under penalty of

perjury under 28 U.S.C. § 1746 a false statement with respect to a material fact in an

application and  document required by the immigration laws and regulations prescribed

thereunder, to wit, a Petition for Alien Relative (Form I-130), that is that the beneficiary

of the petition, J.A., was the child of the petitioner, A. Aguilar, which statement the

defendant then and there knew was false.

    In violation of 18 U.S.C. § 1546(a) and 18 U.S.C. § 2.

<u>Count Nine</u>
Fraud in Connection with Immigration Documents
[Violation of 18 U.S.C. § 1546(a) and 18 U.S.C. § 2]

28.     On or about September 22, 2011, in the Dallas Division of the Northern District of

Texas, the defendant, **Monica Moreno**, did knowingly present an application and

document required by the immigration laws and regulations prescribed thereunder, to wit,

a Petition for Alien Relative (Form I-130), which failed to contain any reasonable basis in

law or fact, as the beneficiary of the petition, J.A., was not the child of the petitioner, A.

Aguilar.

        In violation of 18 U.S.C. § 1546(a) and 18 U.S.C. § 2.

Count Ten
Aggravated Identity Theft
[Violation of 18 U.S.C. § 1028A(a)(1)]

29.     On or about September 22, 2011, in the Dallas Division of the Northern District of

Texas, the defendant, **Monica Moreno**, knowingly used, without lawful authority, a

means of identification of another person, namely, a lawful permanent resident card and

social security number, assigned to another individual, A. Aguilar, during and in relation

to the commission of fraud in connection with immigration documents, as alleged in

Counts Eight and Nine of this Indictment.

      In violation of 18 U.S.C. § 1028A(a)(1).

Forfeiture Notice
18 U.S.C. § 982(a)(2); 18 U.S.C. § 982 (a)(6); 21 U.S.C. §853(p)

Upon conviction of the offense alleged in Count One and pursuant to 18 U.S.C. § 982(a)(6), defendants **Frances Sandoval**, **Monica Moreno**, and **Marsha Garcia** shall forfeit to the United States any conveyance, including any vessel, vehicle, or aircraft used in the commission of the offense alleged in Count One; and any property, real or personal, that constitutes, or is derived from or is traceable to the proceeds obtained directly or indirectly from the commission of the offense alleged in Count One, or that is used to facilitate, or is intended to be used to facilitate, the commission of the offense alleged in Count One.

Upon conviction of the offense alleged in Counts Five or Six and pursuant to 18 U.S.C. § 982(a)(6), defendant, **Frances Sandoval**, shall forfeit to the United States any conveyance, including any vessel, vehicle, or aircraft used in the commission of the offense alleged in Counts Five or Six; and any property, real or personal, that constitutes, or is derived from or is traceable to the proceeds obtained directly or indirectly from the commission of the offense alleged in Counts Five or Six, or that is used to facilitate, or is intended to be used to facilitate, the commission of the offense alleged in Counts Five or Six.

Upon conviction of the offense alleged in Count Seven and pursuant to 18 U.S.C. § 982(a)(2),  defendant, **Frances Sandoval**, shall forfeit to the United States any property constituting, or derived from, proceeds the defendant obtained directly or indirectly, as the result of the Count Seven offense.

Upon conviction of the offense alleged in Counts Eight or Nine and pursuant to 18 U.S.C. § 982(a)(6), defendant, **Monica Moreno**, shall forfeit to the United States any conveyance, including any vessel, vehicle, or aircraft used in the commission of the offense alleged in Counts Eight or Nine; and any property, real or personal, that constitutes, or is derived from or is traceable to the proceeds obtained directly or indirectly from the commission of the offense alleged in Counts Eight or Nine, or that is used to facilitate, or is intended to be used to facilitate, the commission of the offense alleged in Counts Eight or Nine.

Upon conviction of the offense alleged in Count Ten and pursuant to 18 U.S.C. § 982(a)(2), defendant, **Monica Moreno**, shall forfeit to the United States any property constituting, or derived from, proceeds the defendant obtained directly or indirectly, as the result of the Count Ten offense.

If any of the property described above, as a result of any act or omission of the defendant cannot be located upon the exercise of due diligence; has been transferred or sold to, or deposited with, a third party; has been placed beyond the jurisdiction of the court; has been substantially diminished in value; or has been commingled with other property which cannot be divided without difficulty, it is the intent of the United States, pursuant to 21 U.S.C. § 853(p), as incorporated by 18 U.S.C. § 982(b), to seek forfeiture of any other property of the defendants up to the value of the forfeitable property described above.

A TRUE BILL

_____
FOREPERSON

SARAH R. SALDAÑA
UNITED STATES ATTORNEY


_____
Michelle Allen-McCoy
Special Assistant United States Attorney
Texas State Bar No. 24052252
1100 Commerce Street, Third Floor
Dallas, Texas 75242-1699
Telephone: 214.659.8732
Facsimile: 214.659.8800

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

---

THE UNITED STATES OF AMERICA

v.

FRANCES SANDOVAL (1),
MONICA MORENO (2),
MARSHA GARCIA (3),
BARTOLO CONTRERAS (4),
LIDIA SALDANA (5),
CASSANDRA GONZALEZ (6),
ADOLFO MORENO (7),
EDWARD MORENO, JR. (8) and
CLAUDIA GONZALEZ (9)

---

SEALED INDICTMENT

18 U.S.C. § 371
Conspiracy to Defraud the United States

18 U.S.C. § 371 (8 U.S.C. § 1325(c)
Conspiracy to Commit Marriage Fraud

8 U.S.C. § 1325(c) and 18 U.S.C. § 2
Marriage Fraud; Aiding and Abetting

18 U.S.C. § 1546(a) and 18 U.S.C. § 2
Fraud in Connection with Immigration Documents

18 U.S.C. § 1028A(a)(1)
Aggravated Identity Theft

18 U.S.C. § 982(a)(2); 18 U.S.C. § 982(a)(6); 21 U.S.C. § 853(p)
Forfeiture Notice

10 Counts

A true bill rendered

----------------------------------------------------------------------

DALLAS                                                    FOREPERSON

Filed in open court this _____7_____ day of January, 2014

----------------------------------------------------------------------
                                                              Clerk

**WARRANT TO ISSUE for Defendants FRANCES SANDOVAL, MONICA MORENO, MARSHA GARCIA, BARTOLO CONTRERAS, LIDIA SALDANA, CASSANDRA GONZALEZ, ADOLFO MORENO, EDWARD MORENO, JR. and CLAUDIA GONZALEZ.**

----------------------------------------------------------------------

UNITED STATES DISTRICT/MAGISTRATE JUDGE

No Criminal matter pending